**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVE FONTAINE SMILEY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-CV-693-L** |
| | ) | **(Consolidated with** |
| **LORIE DAVIS, Director, TDCJ-CID,** | ) | **3:15-CV-700-L and** |
| **Respondent.** | ) | **3:15-CV-709-L)** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

challenges his three convictions for aggravated sexual assault of a child.  *State of Texas v. Steve*

*Fontaine Smiley*, Nos. F-0852454-H, F-0871675-H, and F-0871676-H (Crim. Dist. Ct. No. 1,

Dallas County, Tex., Mar. 16, 2009).  Petitioner pled guilty pursuant to a plea agreement and was

sentenced to thirty-five years in prison in each case, to run concurrently.  He did not file a direct

appeal.

On November 4, 2013, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte*

*Smiley*, No. 80,837-01.  On February 26, 2014, the Texas Court of Criminal Appeals denied the

petition without written order.

On February 23, 2015, Petitioner filed the instant § 2254 petition.  He argues:

1.      He received ineffective assistance of counsel when counsel:

      a.      failed to familiarize himself with the facts surrounding his confession and properly advise him regarding suppression of his confession;

      b.      incorrectly advised him regarding his eligibility for probation; and

      c.      refused to file a motion for new trial.

2.      The prosecutor violated his due process rights with the threat of future prosecution; and

3.      His guilty plea was involuntary because it was based on a coerced confession.

On June 10, 2015, Respondent filed an answer arguing, *inter alia*, that the petition is time-barred.  On July 14, 2015, Petitioner filed a reply.  The Court now finds the petition is barred by limitations.

## II.  Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time

for seeking such review has expired.  28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner was convicted on March 16, 2009.  He did not appeal his conviction.  The conviction therefore became final thirty days later on April 15, 2009.  *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).  Petitioner then had one year, or until April 15, 2010, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On November 14, 2013, Petitioner filed a state habeas petition.  This petition was filed after the AEDPA limitations period expired.  It therefore did not toll the limitations period.  The one-year limitation period expired on April 15, 2010.  Petitioner did not file his federal petition until February 23, 2015.  His petition is therefore untimely.

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

**(b) Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner claims he is entitled to equitable tolling because the prison law libraries are inadequate and he had limited access time to the library.  Petitioner, however, has not alleged that the law libraries did not have a copy of the AEDPA, which states there is a one-year statute of limitations to file a § 2254 petition.  Further, ignorance of the law, a prisoner's pro se status, or lack of legal training does not support a claim of equitable tolling.  *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).  Petitioner has not shown that he was actively mislead by the state, or that he was prevented is some extraordinary way from asserting his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.  Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 23rd  day of June,  2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).